**UNITED STATES of America, Plaintiff,**

v.

**Benjamin LEWIS, Defendant.**

**No. 84 CR 539.**

United States District Court, N.D. Illinois, E.D.

Sept. 11, 1984.

## ORDER

BUA, District Judge.

Before the Court is defendant's motion to suppress one .38 caliber six-shot revolver seized by government agents at defendant's apartment pursuant to a search warrant issued by a magistrate of this Court. Defendant alleges that the warrant was:

> "deficient in that the confidential informant lied regarding several material matters when giving information to the federal agents and that the federal agents should have had suspicions regarding these allegations but made no attempt to verify their accuracy or the credibility of the informant."

According to the affidavit of Special Agent Stephan Smith, "on at least five occasions during the past five weeks, including July 8, 1984, [a confidential informant] was present in [the defendant's] residence ... and personally observed [the defendant] hold, display and possess two handguns...." Special Agent Smith then initiated a criminal record check and learned that the defendant was a convicted felon. A search warrant for defendant's apartment was issued; the apartment was searched; and a .38 caliber revolver was found.

According to the defendant, however, the confidential informant "was not in his residence on the occasions detailed in the affidavit underlying the warrant." Defendant's Reply Memorandum at 1. Thus, defendant alleges that the confidential informant lied to Special Agent Smith regarding his visits to the defendant's apartment and that the government agents made no attempt to verify the accuracy of the informant's statements. Based upon the above, defendant requests a hearing and suppression of the gun at trial pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1977).

In *Franks*, the Supreme Court held that a search warrant may be challenged if an affidavit supporting the warrant contained perjury or a reckless disregard for the truth. *Id.* at 171, 93 S.Ct. at

Dan K. Webb, U.S. Atty. by Dean Polales, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Stephen Knorr, Federal Defender Program, Chicago, Ill., for defendant.

2684. In order to qualify for a *Franks* hearing, the defendant must make a "substantial preliminary showing" that the affiant lied or made statements in reckless disregard of the truth. *Id.* at 155–56, 93 S.Ct. at 2676. The falsity or recklessness alleged must be that of the affiant and not a third person. *United States v. McDonald*, 723 F.2d 1288, 1293 (7th Cir.1983). Conclusory allegations, self-serving allegations and allegations of negligence or innocent mistake are insufficient to entitle the defendant to an evidentiary hearing under *Franks*. *See Franks*, 438 U.S. at 171, 93 S.Ct. at 2684; *United States v. Reed*, 726 F.2d 339, 342 (7th Cir.1984); *United States v. McDonald*, 723 F.2d 1288, 1293–94 (7th Cir.1983).

■ The documents filed by defendant in support of his motion are wholly insufficient to warrant a hearing under *Franks*. The defendant fails to allege falsity or reckless disregard on the part of the affiant, Special Agent Smith. Instead, defendant alleges merely that the government "made no attempt to verify" the accuracy of the confidential informant's statements. At best, defendant's motion alleges negligence against the government agent and, as such, is insufficient to justify a *Franks* hearing. *Franks*, 438 U.S. at 171, 93 S.Ct. at 2684.

In sum, defendant's motion and supporting materials fail to allege falsity or reckless disregard on the part of the affiant. Accordingly, defendant is not entitled to a hearing under *Franks v. Delaware*, 438 U.S. at 170, 98 S.Ct. at 2683. Defendant's motion to suppress is therefore denied.

IT IS SO ORDERED.